UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES JEROME THOMAS,

v.   Case No. 3:07-cr-84-J-33MCR
     3:09-cv-263-J-33MCR

UNITED STATES OF AMERICA.

_____

**O R D E R**

This cause is before the Court on Defendant Charles Jerome Thomas's timely-filed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-44). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied.**

**PROCEDURAL HISTORY**

On April 5, 2007, Thomas was named in a one-count Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. cr-1)[1] On May 31, 2007, Thomas entered a plea of guilty to the Indictment without the benefit of a written plea agreement. (*See* Doc. cr-19, 23). On December 13, 2007, Thomas was sentenced to 52 months imprisonment. (Doc. cr-30). On December 21, 2007, Thomas filed a timely notice of appeal (Doc. cr-31), and on July 10, 2008, Thomas's conviction and sentence were affirmed. (Doc. cr-43). On March 19, 2009, Thomas filed his timely motion pursuant to 28 U.S.C. §2255, raising four grounds for relief:

---

[1] The docket numbers cited as (Doc. cr-(Number)) refer to the criminal docket in the underlying related criminal case, which is incorporated herein by reference as a part of the complete record of this case.

### Ground One: Ineffective Assistance of Counsel

Counsel failed to conduct basic research as to the law and facts of Petitioner's case. If counsel had conducted any research it would have being [sic] evidence that there existed no probable cause to stop Petitioner. Florida law does not preclude its citizens/residents from operating a bicycle with a flashlight. On February 23, 2007, Petitioner was operating a bicycle while in possession of a flashlight. Because the stop was pretextual, counsel should have brought a motion to suppress. If counsel had done so the court would have being [sic] inclined to suppress the fruits of the illegal search and seizure.

### Ground Two: Sentencing Enhancement under United States Sentencing Guidelines Unconstitutional

Sentencing enhancement for possession of a "stolen firearm" without any mens rea requirement as to the status of the firearm as stolen, was arbitrary and capricious and thus invalid and unconstitutional.

### Ground Three: Petitioner's Plea Was not Knowing [sic] and Voluntary [sic] Entered

During the plea colloquy, Petitioner was not apprized of the fact that his sentence would be aggravated based on facts not charged nor admitted to. If Petitioner was aware that his sentence would be so aggravated he would have insisted to go [sic] to trial.

### Ground Four: Ineffective Assistance of Counsel on Appeal

Counsel failed to file a writ of certiorari contesting the reasonableness of Petitioner's sentence after been [sic] expressly requested to file same.

## DISCUSSION

### ISSUES RAISED ON DIRECT APPEAL

Thomas entered his plea of guilty without a written plea agreement, thereby preserving his right to a direct appeal. On appeal, Thomas challenged the enhancement of his sentence for possession of a firearm during the commission of a felony offense, that is, the uncharged crime of possession with intent to distribute cocaine, and argued that his

sentence was substantively unreasonable. On July 10, 2008, the United States Court of Appeals for the Eleventh Circuit affirmed Thomas's conviction and sentence. (Doc. cr-43).

PROCEDURAL BAR

Thomas is not entitled to relief on his second and third ground challenging the application of the sentencing guidelines (Ground Two) or the knowing and voluntary nature of his plea (Ground Three), because he has procedurally defaulted these claims. Ordinarily, claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).

When a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error or actual innocence to excuse the defaults. *McCoy*, 266 F.3d at 1258-59. To show cause for failing to raise a claim in an earlier proceeding, a defendant must show "some external impediment preventing counsel from constructing or raising the claim." *See High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting *McCleskey v. Zant*, 499 U.S. 467, 497 (1991)). To establish prejudice, the defendant must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. *See Frady*, 456 U.S. at 164. The futility of raising a claim does not constitute sufficient cause to excuse the default. *Bousley*, 523 U.S. at 623; *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

Ground Two

Thomas complains, for the first time, that the Court erroneously enhanced his sentencing guidelines range of imprisonment by increasing his offense level by an additional two points for possession of a stolen firearm, even though Thomas was unaware that the gun was stolen. He claims that this Court should review this enhancement based upon *United States v. Handy*, 570 F.Supp.2d 437 (E.D. N.Y. 2008), holding that a two-level enhancement for possession of a stolen firearm is unconstitutional. Thomas asserts that the recent *Handy* decision creates an extraordinary circumstance that allows this Court to reconsider its prior ruling. The *Handy* Court itself recognizes, however, that its holding on this issue is in direct contradiction with binding precedent in the Eleventh Circuit (*United States v. Richardson*, 8 F.3d 769 (11th Cir. 1993)), as well as that of the Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Circuit, and the District of Columbia. *See, United States v. Handy*, 570 F. Supp. 2d at 460. Consequently, *Handy* does nothing to change the law or the guidelines range under which Thomas was sentenced. It simply does not establish any extraordinary circumstance that would allow this Court to reconsider its prior ruling or ignore the established precedent in this circuit. Therefore, this claim is procedurally barred.

Ground Three

Likewise, Thomas newly challenges the knowing and voluntary nature of his plea, arguing that he was unaware that the government would present aggravating factors at his sentencing hearing. He claims he was "simply ambushed by the government's lack of candor" for not notifying Thomas of these factors during the plea negotiations. (Doc. cv-2 [Thomas's Memorandum of Law] at unnumbered page 9). He asserts that, because this

aggravating evidence increased his exposure at sentencing based upon "facts neither charged nor admitted" (*id.*), his plea of guilty was unknowing.

Thomas did not take advantage of the opportunity to mitigate on his own behalf at sentencing, nor did he raise this issue on appeal. Moreover, the record clearly illustrates that Thomas's plea was knowing and voluntary. Thomas unequivocally acknowledged that he understood that, whatever the guidelines range, the sentencing court would not be bound by that range. He stated, under oath, that he understood that his sentence may be different from any estimate suggested by his lawyer, and that he could not withdraw his plea if the Court imposed a sentence that was "more severe or less severe than what is called for by the guidelines." (Doc. cr-36 at 9). Thomas also acknowledged his understanding that he was facing a maximum penalty of up to ten years imprisonment. (*Id.* at 10). After these acknowledgments, Thomas entered his plea of guilty. Thomas does not state any cause for failing to raise this issue at the appropriate time and is, therefore, procedurally barred from raising the issue in his present 28 U.S.C. § 2255 motion to vacate. Furthermore, even if the claim were not procedurally barred, the record, as set as above, wholly refutes his claim that his plea of unknowing or involuntary.

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Title 28, United States Code, Section 2255, allows attack on a conviction and sentence on only four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. *E.g., United*

*States v. Addonizio*, 442 U.S. 178, 184-86 (1979).

Thomas seeks review of his conviction, claiming that he was denied his Sixth Amendment right to effective assistance of counsel. Ineffective assistance of counsel claims are generally reviewable only on collateral attack, pursuant to 28 U.S.C. § 2255. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Claims of ineffective assistance excuse failure to raise other claims if ineffective assistance of counsel is the cause for the failure to raise the claim. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

Standard for Ineffective Assistance of Counsel

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To prevail on a claim of ineffective assistance of counsel, a defendant must meet the "cause" and "prejudice" requirements established by *Strickland v. Washington*, 466 U.S. 668 (1984). That is, Thomas must show (1) that his counsel's representation was deficient, and (2) that this deficient representation prejudiced Thomas. *Strickland v. Washington*, 466 U.S. at 687; see also *Baxter v. Thomas*, 45 F.3d 1501, 1512 (11th Cir. 1995). A court need not address both components of the inquiry if Thomas makes an insufficient showing on one component. *Id.; see also Weeks v. Jones*, 26 F.3d at 1037.

In determining whether the first portion of the test has been met, the proper standard is "reasonably effective assistance[,]" or "whether counsel's representation fell below an objective standard of reasonableness." *Weeks v. Jones*, 26 F.3d 1030, 1036 (11th Cir. 1994). Application of this standard requires that judicial scrutiny of counsel's performance be highly deferential; a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Even if the Court were to find some deficiency in the performance of counsel, a defendant is not entitled to relief on ineffective assistance grounds unless the second prong of the *Strickland* test is met. *United States v. Hilliard*, 752 F.2d 578, 580 (11th Cir. 1985). Under the second prong, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When a defendant fails to make a sufficient showing of prejudice, this Court need not even address the adequacy of counsel's performance. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

Finally, every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Weeks v. Jones*, 26 F.3d at 1036; *Diaz v. United States*, 930 F.2d 832 (11th Cir. 1991). A court must examine the "totality of the circumstances" in determining whether the counsel a defendant received was constitutionally sufficient and effective. *McCoy v. Newsome*, 953 F.2d 1252, 1263 (11th Cir. 1992).

## Specific Claims of Ineffective Assistance

Thomas now claims, for the first time, that the stop of his bicycle by law enforcement was unconstitutional. He asserts additional facts outside the record in support of his argument and claims that his former counsel, an Assistant Federal Public Defender, was ineffective for failing to file a motion to suppress in the underlying criminal case. He also claims that appellate counsel was ineffective for failing to file a petition for writ of certiorari

review in the United States Supreme Court.

## Ground One

Thomas claims that counsel was ineffective for failing to file a motion to suppress challenging the stop of his bicycle for not having a proper light. Thomas now claims, for the first time, that there is no Florida law against riding a bicycle without a front light and, therefore, counsel should have challenged whether the stop and resulting pat down search was unconstitutional. He also insists, for the first time, that he had a flashlight affixed to his bicycle. There is absolutely nothing in the record that indicates Thomas had a working flashlight on his bicycle at the time he was stopped by the police. To the contrary, the Presentence Investigation Report (PSR) indicates that the police "observed the defendant . . . operating a bicycle without a white front light[,]" and that the pat down search that followed was consensual. There were no objections to this factual recitation.

Moreover, at the change of plea hearing, Thomas knowingly waived any defenses he might have had to the charged offense, as well as his right to "challenge the way the government may have obtained any evidence, statement or confession in [his] case." (Doc. cr-36 at 7-8). Thomas stated that he had no disagreement with the government's version of the facts. (These facts did not include any details about the stop of Thomas's bicycle.) Thomas, engaging directly with the Court, said nothing about having a flashlight on his bicycle. *(Id.* at 14). Notably, Thomas also stated that he was satisfied with his attorney and the way he (Thomas) had been represented, and had no complaints. (*Id.* at 15-16).

This transcript alone is not dispositive of Thomas's claim. However, when viewed against Thomas's pending motion, it appears that he was aware that he could challenge the stop and search. He states that, "[i]ndeed, the sole reason why the State forego [sic]

prosecution of the instant case was because Petitioner was contending that the search was unconstitutional." (Doc. cv-2 [Thomas's Memorandum of Law] at unnumbered page 6). This statement begs the obvious question: why would Thomas waive this defense if he believed it to be viable? Even if he disagreed with counsel over the legitimacy of the stop, he could have said so, but did not. Nor did he raise it when given the opportunity to mitigate at sentencing, instead leaving his counsel, with whom he was satisfied, to speak for him. (Doc. cr-39 at 13-14).

Even if Thomas believed, as he now asserts, that the stop was unconstitutional, and the warrantless search was conducted without consent, he cannot show that counsel was ineffective for failing to challenge these facts. First, as stated above, Thomas knowingly waived this defense, and specifically "the way the government may have obtained any evidence[.]" This waiver was made knowing that the defense was available, as Thomas himself acknowledges. This claim is completely meritless.

Ground Four

Thomas claims his counsel failed to file a petition for writ of certiorari contesting the reasonableness of Petitioner's sentence after been [sic] expressly requested to file same. This claim has no merit. The granting of a petition for writ of certiorari by the Supreme Court is a matter of judicial discretion. See Sup. Ct. R. 10; *Ross v. Moffitt*, 417 U.S. 600, 617 (1974). The Supreme Court has held that defendants have no right to counsel to pursue discretionary review. *See United States v. Austin*, 513 U.S. 5, 8 (1994) (A court-appointed lawyer may only file a certiorari petition to the Supreme Court if there are meritorious grounds for certiorari review); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1986); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (same).

Thomas did not have a constitutional right to counsel in seeking a writ of certiorari. Absent such a right, Thomas cannot assert a constitutional violation based upon his counsel's allegedly defective performance. *Accord Washpun v. United States*, 109 Fed. Appx. 733, *2-3 (6th Cir. 2004) ("Because [movant] has no constitutional right to the assistance of counsel to pursue a petition for a writ of certiorari, he cannot claim that his counsel's failure to raise an *Apprendi* claim in that petition amounted to ineffective assistance."); *McNeal v. United States*, 1995 WL 290233, *1-2 (6th Cir. May 11, 1995) (holding that a claim that counsel failed to file a petition for rehearing was not a constitutional violation); *Stuut v. United States*, 2005 WL 1389181, *3 (W.D. Mich.2005) (holding that claim challenging appellate counsel's ineffectiveness for failing to file a petition for rehearing en banc and allowing the 90-day time period for filing a writ of certiorari to expire did not raise a cognizable constitutional violation); *United States v. Ferrell*, 730 F.Supp. 1338, 1340 (E.D. Pa.1989) (holding that Movant does not have constitutional right to appeal criminal conviction to the Supreme Court or to have counsel pursue application for review in the Supreme Court). *See also United States v. Lauga*, 762 F.2d 1288, 1291 (5th Cir.1985) (finding claims of ineffective assistance of counsel because his attorney did not seek a writ of certiorari from the Supreme Court devoid of merit); *United States v. Lena*, 670 F .Supp. 605, 613 (W.D. Pa.1987), *aff'd*, 849 F.2d 603 (3d Cir.1988) (same).

## CONCLUSION

Thomas's claims that he was denied his Sixth Amendment right to effective assistance of counsel are refuted by the record and/or case law. The remaining issues are procedurally barred.

Accordingly, the Court orders:

That Thomas's 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-44) is denied. The Clerk is directed to enter judgment against Thomas in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 28, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Frank Talbot
Charles Jerome Thomas